## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| LUCILLE O. MANIFOLD, Independent Administrator of the Estate of ROBERT L. MANIFOLD, Deceased. | Case No. 3:21-CV-00024 |
| | Admiralty |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| AMERICAN TRADING AND PRODUCTION CORPORATION, individually and as successor in interest to American Trading Transportation Company, Inc., *a corporation*; BP PRODUCTS NORTH AMERICA, INC., individually and as successor in interest to Amoco Shipping Company, *a corporation*; CHAS. KURZ & CO., INC., *a corporation*; and KEYSTONE SHIPPING CO., *a corporation*; | |
| Defendants. | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Lucille O. Manifold, Independent Administrator of the Estate of Robert L. Manifold, Deceased, complaining against Defendants American Trading and Production Corporation, individually and as successor in interest to American Trading Transportation Company, Inc.; BP Products North America, Inc., individually and as successor in interest to Amoco Shipping Company; Chas. Kurz & Co., Inc.; and Keystone Shipping Co. as follows.

1

## JURISDICTION AND PARTIES

1.       Plaintiff, Lucille O. Manifold ("Plaintiff"), is the duly appointed Independent Administrator of the Estate of Robert L. Manifold, and a resident of Lake Jackson, Texas. Plaintiff brings this action on behalf of the estate of the decedent.

2.       Decedent, Robert L. Manifold died in the State of Texas on March 8, 2019.   At the time of his death, Robert L. Manifold was an adult citizen and resident of Texas City, Texas.

3.       Defendant American Trading and Production Corporation ("Atapco"), individually and as successor in interest to American Trading Transportation Company, Inc. ("Attransco"), is a Delaware corporation that at all relevant times was authorized and did transact business in this Division, District, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building Ste. 104, Wilmington, DE 19810. American Trading and Production Corporation is legally responsible for the conduct of American Trading Transportation Company, Inc., the Jones Act employer of Robert L. Manifold.

4.       Defendant BP Products North America, Inc., individually and as successor in interest to Amoco Shipping Company, is a Maryland corporation that at all relevant times was authorized and did transact business in this Division, District, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. BP Products North America, Inc. is legally responsible for the conduct of Amoco Shipping Company, the Jones Act employer of Robert L. Manifold.

5.       Defendant Chas. Kurz & Co., Inc. is a Delaware corporation that at all relevant times transacted business in this Division, District, and the State of Texas for the purpose of

accumulating monetary profit, and may be served with process at its principle place of business, One Bala Plaza East, Suite 600, Bala Cynwyd, PA 19004-1496.   Chas. Kurz & Co., Inc. was the Jones Act employer of Robert L. Manifold.

6.     Defendant Keystone Shipping Co. is a Delaware corporation with its principle place of business in Pennsylvania that at all relevant times transacted business in this Division, District, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.   Keystone Shipping Co. was the Jones Act employer of Robert L. Manifold.

7.     This case arises under an Act of Congress properly termed the Jones Act, 46 U.S.C. § 30104, *et seq.,* as well General Admiralty and Maritime Law, wherein Plaintiff's decedent Robert L. Manifold, at all times relevant, was a merchant mariner who served his employers aboard ships owned and/or operated by the said Shipowner Defendants, which vessels utilized and carried asbestos and asbestos-containing products and other hazardous products to which Robert L. Manifold was exposed to the detriment of his health.

8.     Jurisdiction for state based claims is based upon 28 U.S.C. § 1333 and 28 U.S.C. § 1445(a), as incorporated by 46 U.S.C. § 30104.   The Jones Act and General Admiralty and Maritime Law, provide the law governing this cause of action to the exclusion of state substantive law relating to personal injury.

9.     The statute of limitations applicable to Plaintiff's claims pursuant to the Jones Act and General Admiralty and Maritime Law is three years from the date Robert L. Manifold was diagnosed with cancer.

10.     The causes of action brought on behalf of Robert L. Manifold's estate under the Jones Act and General Admiralty and Maritime Law did not arise more than three years prior to

3

the commencement of this action.   Therefore, Plaintiff's causes of action under the Jones Act and

General Admiralty and Maritime Law are timely.

11.      Among other reasons, the U.S. District Court for the Southern District of Texas,

Galveston Division, is a proper venue pursuant to Title 28, United States Code, §1391 because

Defendants are shipowners who regularly conducted substantial business activity within the State

of Texas aboard various merchant vessels; Robert L. Manifold's exposure to asbestos, which led

to his illness forming the basis of this Complaint, occurred aboard the Defendants' vessels in the

State of Texas, including in Galveston County.

## GENERAL ALLEGATIONS

12.       Plaintiff brings these claims on behalf of the estate of Robert L. Manifold as a

survival action pursuant to the Jones Act and general admiralty and maritime law.

13.      On or about May 9, 2018, Robert L. Manifold was diagnosed with asbestos-related

lung cancer and subsequently passed away on March 8, 2019.

14.      Robert L. Manifold developed this cancer as a result of exposure to asbestos

products while employed aboard the Defendants' vessels.

15.      During the years 1958 through 1988, Robert L. Manifold was employed by

Defendants, which sailed in and out of ports in the State of Texas and Galveston County and that

while in port, while sailing in and out of those ports and while sailing on voyages in and out of

those ports, Robert L. Manifold was exposed to asbestos leading to his development of cancer.

16.      Plaintiff brings this action against Defendants, the shipowners upon whose vessels

Robert L. Manifold sailed during his sailing career as a merchant mariner assigned to the engine

department as specified in his Vessel Service History which is attached to this Complaint (**Exhibit

A**) and incorporated herein as if fully set forth herein.

4

17.     During Robert L. Manifold's sea service career, he worked aboard vessels owned and/or operated by the Defendants, which sailed in Texas waters and called on Texas ports on numerous occasions while Robert L. Manifold served aboard.   While aboard these vessels in the port and in Texas waters, he was repeatedly exposed to asbestos.   Such vessels included, but were not limited to, the *Gaines Mill, Washington Trader*, *Amoco Connecticut*, and the *Tonsina*.

18.     Robert L. Manifold boarded the *Gaines Mill* in Mobile, Alabama on March 28, 1958 and was discharged in New York, New York on May 29, 1958.   He also boarded the *Gaines Mill* on May 30, 1958 in Serawaren, New Jersey and was discharged in Seawaren, New Jersey on August 5, 1958; he boarded on August 6, 1958 in New York, New York and was discharged on December 31, 1958 in New York, New York; and he boarded on January 1, 1959 in New York, New York and was discharged on March 25, 1959 in Baltimore, Maryland.   During these voyages, Robert L. Manifold was employed by Chas. Kurz & Co., Inc., and he had significant exposure to asbestos while aboard the *Gaines Mill* in Texas waters and while at Texas ports, which was a substantial factor in bringing about his injury.

19.     Robert L. Manifold boarded the *Washington Trader* in Galveston, Texas on February 20, 1978 and was discharged in Texas City, Texas on April 10, 1978.   He also boarded the *Washington Trader* in Texas City, Texas on April 11, 1978 and was discharged in Newport News, Virginia on May 5, 1978.   During these voyages, Robert L. Manifold was employed by American Trading Transportation Company, Inc., and he had significant exposure to asbestos while aboard the *Washington Trader* in Texas waters and while at Texas ports, which was a substantial factor in bringing about his injury.

20.     Robert L. Manifold boarded the *Amoco Connecticut* in Texas City, Texas on September 11, 1979 and was discharged in Galveston, Texas on October 16, 1979.   During this

voyage, Robert L. Manifold was employed by Amoco Shipping Company (now BP Products North America, Inc.), and he had significant exposure to asbestos while aboard the *Amoco Connecticut* in Texas waters and while at Texas ports, which was a substantial factor in bringing about his injury.

21.     Robert L. Manifold boarded the *Tonsina* in Texas City, Texas on November 28, 1986 and was discharged in Texas City, Texas on December 26, 1986.  He also boarded the *Tonsina* on December 27, 1986 in Texas City, Texas and was discharged on January 28, 1987 in Texas City, Texas.  He further boarded the *Tonsina* on November 13, 1988 in Lake Charles, Louisiana and was discharged on December 8, 1988 in Baton Rouge, Louisiana.   During these voyages, Robert L. Manifold was employed by Keystone Shipping Co., and he had significant exposure to asbestos while aboard the *Tonsina* in Texas waters and while at Texas ports, which was a substantial factor in bringing about his injury.

22.     Throughout the entirety of his sea service career, Robert L. Manifold was required by his employers to perform duties which included the constant exposure to asbestos friable fibers causing him to breathe into his system carcinogenic asbestos dust resulting in harm to Robert L. Manifold, including the development of lung cancer.   These events of harm occurred constantly and while in many waters and ports-of-call, including in Texas.

23.     The asbestos and asbestos-containing products found aboard the vessels upon which Robert L. Manifold sailed are known to be highly toxic to mankind, and the human body can be contaminated by asbestos and asbestos-containing products through inhalation and ingestion.

24.     Defendants knew, had reason to know or should have known, of the dangers associated with exposure to asbestos and asbestos-containing products in the workplace.

6

25.     Robert L. Manifold was exposed to dangerous and unlawful concentrations of asbestos in the ambient air, in potable water and food furnished by his employer due to his assigned work and/or in close proximity to said asbestos and asbestos-containing products.

26.     Defendants knew, had reason to know or should have known that harmful contact to Robert L. Manifold would result from his exposure to asbestos present aboard the vessels upon which he served through the products that were produced and/or supplied to or brought aboard the vessels upon which he worked.

27.     Harmful contamination with Robert L. Manifold's person occurred due to the asbestos and asbestos-containing products found and/or utilized aboard the vessels upon which Robert L. Manifold sailed, and Robert L. Manifold was in fact injured as a result of his continued exposure to said products during the course of his career as a mariner.

28.     Defendants breached their duty to Robert L. Manifold in the following particulars, including but not limited to:

(a)     Failed to adequately warn Robert L. Manifold of the dangerous characteristics of asbestos and asbestos-containing products;

(b)     Failed to provide Robert L. Manifold with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Robert L. Manifold from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

(c)     Failed to provide a reasonably safe workplace;

(d)     Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

(e)     Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

(f)     Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

(g)     Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

(h)     In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

(i)     Failed to act in a reasonable and prudent manner.

30.     As a direct and proximate result of Defendants' aforementioned tortious acts, Robert L. Manifold sustained serious, incurable and progressive asbestos-related disease.   Robert L. Manifold contracted an asbestos-related disease, lung cancer, and suffered other bodily injuries including: great pain of mind and body, shock, disgrace, outrage, humiliation, indignity, disability, loss of the joys, pleasures and vitalities of life, and exacerbation of existing disease.

31.     Robert L. Manifold developed an asbestos-related cancer, and was extremely fearful of the ravages of such cancers from which he suffered.

32.     Robert L. Manifold experienced severe mental anguish, great pain and suffered the ravages of cancer and/or progressive shortness of breath.

33.     As a result of Robert L. Manifold's asbestos-related condition, he suffered great pain of mind and body, and the condition caused his premature and wrongful death on March 8, 2019.

34.     Robert L. Manifold incurred medical bills and other expenses.

35.     Robert L. Manifold sustained wage losses in an indeterminate amount, which amount will be demonstrated at trial.

## COUNT I – JONES ACT

36.     Plaintiff hereby re-alleges and incorporates herein by reference all of the previous allegations set forth above, as though fully set forth herein, and further state as against Defendants, that:

37.     As a direct approximate result of Defendants' negligence under the Jones Act, 46 U.S.C. § 30104, Robert L. Manifold suffered from an asbestos-related cancer, along with the sequelae thereof and died prematurely and wrongfully from the disease on March 8, 2019.

38.     The Defendants were negligent in that they:

(a)     Failed to adequately warn Robert L. Manifold of the dangerous characteristics of asbestos and asbestos-containing products;

(b)     Failed to provide Robert L. Manifold with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Robert L. Manifold from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

(c)     Failed to provide a reasonably safe workplace;

(d)    Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

(e)    Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

(f)    Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

(g)    Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

(h)    In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

(i)    Failed to act in a reasonable and prudent manner.

39.    As a direct and proximate result of the acts and omissions aforestated by Defendants, Robert L. Manifold sustained injuries as an indivisible, cumulative cause of each of the stated Defendants as contemplated in *American Fire & Casualty Company v. Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951). Plaintiff seeks damages as below stated, *inter alia*:

(a)    Conscious pain and suffering, past and future;

(b)    Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

(c)    Medical expenses and costs;

(d)    Household services;

10

(e)   Loss of pleasure, including social and recreational amenities, past and future;

(f)   Death by wrongful acts;

(g)   Loss of support, costs of estate planning, and funeral expenses; and

(h)   Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendants in an amount exceeding the threshold jurisdictional requirement to be more particularly calculated and adjusted upwards during the pendency of this cause, and Plaintiff further seeks interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury.

Dated:   February 4, 2021                    Respectfully submitted,

s/ Meredith K. Clark
Meredith K. Clark, Esq. (SDTX No. 3307504)
John E. Herrick, Esq. (SDTX No. 3367718)
**MOTLEY RICE LLP**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Phone:   (843) 216-9000
Fax:   (843) 216-9450
mkclark@motleyrice.com
jherrick@motleyrice.com

Timothy A. Swafford (SDTX No. 3353853)
**JAQUES ADMIRALTY LAW FIRM, P.C.**
30800 Telegraph Road, Suite 1850
Bingham Farms, MI 48025

11

Phone:   (313) 961-1080
Fax:   (313) 961-5275
tswafford@jaquesadmiralty.com

**ATTORNEYS FOR PLAINTIFF LUCILLE MANIFOLD**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2021, I caused the foregoing to be electronically filed with the United States District Court for the Southern District of Texas using the CM/ECF system which automatically sends all necessary notifications of this filing to CM/ECF participants in this case.

/s/Meredith K. Clark_____
Attorney for Plaintiff

Meredith K. Clark
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000
(843) 216-9450 (fax)
mkclark@motleyrice.com